

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VASQUEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>JESSE RUBALCAVA et al.,<br><br>            Defendants. | Case No. SACV 11-1968-DSF (JPR)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE |

    Plaintiff filed this pro se civil rights action on December 30, 2011. He subsequently was granted leave to proceed in forma pauperis. On January 20, 2012, after screening the Complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge dismissed it with leave to amend. On February 17, 2012, Plaintiff filed a First Amended Complaint. On March 7, 2012, the Magistrate Judge dismissed the FAC with leave to amend. She expressly warned Plaintiff that if he did not file a Second Amended Complaint by April 4, 2012, his lawsuit would be subject to dismissal for failure to prosecute. To date, Plaintiff has not filed a SAC.

1    Courts may dismiss lawsuits that are not diligently
2 prosecuted. <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30, 82 S.
3 Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); <u>Carey v. King</u>, 856 F.2d
4 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether
5 to dismiss a <u>pro se</u> plaintiff's action for failure to prosecute, a
6 court must consider "(1) the public's interest in expeditious
7 resolution of litigation; (2) the court's need to manage its
8 docket; (3) the risk of prejudice to the defendants; (4) the
9 public policy favoring disposition of cases on their merits; and
10 (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d
11 at 1440. Unreasonable delay creates a rebuttable presumption of
12 prejudice to the defendants that can be overcome only with an
13 affirmative showing of just cause by the plaintiff. <u>In re Eisen</u>,
14 31 F.3d 1447, 1452-53 (9th Cir. 1994).
15    Here, the first, second, third, and fifth <u>Carey</u> factors
16 militate in favor of dismissal. As noted in the Magistrate
17 Judge's previous orders, Plaintiff's claims concern events that
18 happened several years ago and thus are already somewhat stale.
19 Further delay would only make it more difficult for Defendants to
20 mount a defense. There also does not appear to be any less
21 drastic sanction the Court can take, as Plaintiff has not availed
22 himself of the opportunity to file a SAC, even after being
23 expressly warned that if he failed to do so his lawsuit might be
24 dismissed. Although the fourth factor weighs against dismissal -
25 as it does in every case - the other factors together outweigh the
26 public's interest in disposing of the case on its merits.
27    Accordingly, it is ORDERED that this action be dismissed
28 because most of the First Amended Complaint fails to state a claim

1 | upon which relief might be granted (for the reasons stated in the
2 | Magistrate Judge's January 20 and March 7 Orders), and because
3 | Plaintiff has failed to prosecute his lawsuit.

Dated: 5/3/12

*Dale S. Fischer*
DALE S. FISCHER
U.S. District Judge