

```
                                            O
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VASQUEZ,<br><br>                Plaintiff,<br><br>     v.<br><br>JESSE RUBALCAVA et al.,<br><br>                Defendants. | Case No. SACV 11-1968-DSF (JPR)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE |

    Plaintiff filed this pro se civil rights action on December 30, 2011. He subsequently was granted leave to proceed in forma pauperis. On January 20, 2012, after screening the Complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge dismissed it with leave to amend. On February 17, 2012, Plaintiff filed a First Amended Complaint. On March 7, 2012, the Magistrate Judge dismissed the FAC with leave to amend. She expressly warned Plaintiff that if he did not file a Second Amended Complaint by April 4, 2012, his lawsuit would be subject to dismissal for failure to prosecute. To date, Plaintiff has not filed a SAC.

Courts may dismiss lawsuits that are not diligently prosecuted. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a pro se plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440. Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. As noted in the Magistrate Judge's previous orders, Plaintiff's claims concern events that happened several years ago and thus are already somewhat stale. Further delay would only make it more difficult for Defendants to mount a defense. There also does not appear to be any less drastic sanction the Court can take, as Plaintiff has not availed himself of the opportunity to file a SAC, even after being expressly warned that if he failed to do so his lawsuit might be dismissed. Although the fourth factor weighs against dismissal – as it does in every case – the other factors together outweigh the public's interest in disposing of the case on its merits.

Accordingly, it is ORDERED that this action be dismissed because most of the First Amended Complaint fails to state a claim

1  upon which relief might be granted (for the reasons stated in the
2  Magistrate Judge's January 20 and March 7 Orders), and because
3  Plaintiff has failed to prosecute his lawsuit.
4
5  Dated: 5/3/12                    /s/ Dale S. Fischer
                                    DALE S. FISCHER
6                                   U.S. District Judge